UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:16-cr-154-J-39JBT

ANDREW RYAN LESLIE

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by W. Stephen Muldrow, Acting United States Attorney for the Middle District of Florida, and the defendant, ANDREW RYAN LESLIE, and the attorney for the defendant, Mark J. Rosenblum, Esq., mutually agree as follows:

**A.**  **Particularized Terms**

**1.**  **Counts Pleading To**

The defendant shall enter a plea of guilty to Counts One and Two of the Indictment. Counts One and Two each charge the defendant with production of child pornography, in violation of 18 U.S.C. §§ 2251(a) & 2251(e).

**2.**  **Minimum and Maximum Penalties**

Counts One and Two of the Indictment are each punishable by a mandatory minimum term of imprisonment of not less than 15 years and not

Defendant's Initials _____        AF Approval _____

more than 30 years, a fine of $250,000, or both, a term of supervised release of any term of years not less than 5, or life, and a special assessment of $100, said special assessment to be due on the date of sentencing. In addition, pursuant to Title 18, United States Code, Section 3014(a)(3), the Court shall assess an amount of $5,000 on any non-indigent defendant. If the Court sentenced the defendant on each count consecutively, the aggregate minimum and maximum penalties would be a minimum mandatory term of imprisonment of not less than 30 years and not more than 60 years, fines totaling $500,000, or both, a term of supervised release of any term of years not less than 5 years, or life, and special assessments totaling $200 and $10,000. Pursuant to Title 18, United States Code, Section 3583(k), if the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United States Code, Chapters 109A, 110 or 117, or Sections 1201 or 1591, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years and up to life per count. Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 3 years per count. With respect to these offenses and pursuant to Title 18, United States Code, Sections 2259, 3663A and 3664, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to

other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community.

3.   **Elements of the Offense(s)**

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Counts One and Two of the Indictment are:

> First:    That an actual minor, that is, a real person who was less than 18 years old, was depicted;
>
> Second:   That the defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of the conduct; and
>
> Third:    That such visual depictions were produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce.

4.   **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

5. **Restitution to Any Minor Victims of Offenses Committed by Defendant, Whether Charged or Uncharged**

Pursuant to 18 U.S.C. §§ 3663A(a) & (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259, the defendant agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

6. **Acceptance of Responsibility - Three Levels**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG

§3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

7.    **Cooperation - Substantial Assistance to be Considered**

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the

charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that

Defendant's Initials _Q~_          6

defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8. **Forfeiture of Assets**

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees. The defendant specifically agrees and consents to the administrative forfeiture of the following:

a.    Gateway Laptop, SN N186A61005160;

b.    Thermaltake CPU, SN CA1A800M1NN00E1000657;

c.    Glite CPU, SN RC330UKKR3501121500070;

d.    Thermaltake, SN VJ400GIN201004005536;

e.    ASUS Laptop; SN D5N0CY56039221A;

f.    ACER Aspire One, SN LUS050B11184359EE22535, W/CORD;

g.    Cyber Power Supply, SN CPMDU2002334;

h.    Inatec External HD, SN WX11A5369636;

i.    9" Mid Android Tablet, SN JHS2CJHA1110AH;

j.    Seagate Barracuda Internal HDD, SN Z1F12JJM;

k.    Seagate Barracuda Internal HDD, SN 9VS2250M;

l.  Seagate Barracuda Internal HDD; SN SQM1LB1N;

m.  Seagate Barracuda Internal HDD, SN 5XWIN7R6;

n.  (no name) Internal HDD, SN E79085KHH;

o.  Seagate Momentus Internal HDD, SN 5SH0HD40;

p.  Seagate Momentus Internal HDD, SN 55VIHXXB;

q.  Western Digital Black Internal HDD,
    SN WXZIE64CPA87;

r.  Samsung Internal HDD; SN 525WJ9FZ006527;

s.  Seagate Ultrathin Internal HDD, SN W3N0AYO5;

t.  Seagate Freeplay Internal HDD, SN Z1022K49;

u.  Canon Powershot Camera, SN 4628106690;

v.  Canon A3400 Powershot Camera, SN 432061614849;

w.  HTC Cell Phone, SN FA44J5900518;

x.  Samsung Phone, SN SCH1545FKVPS;

y.  Samsung Phone, SN A3LSMG935us;

z.  HTC Cell Phone, IMEI 990000326143433;

aa.  (5) ACER Monitors;

bb.  Monitor Stand w/ misc. cords;

cc.  WII w/ controllers, SN KU10259575907;

dd.  XBOX w/ cord, SN 12577674307;

ee.  IPOD 32GB, No SN;

ff. (5) Thumb Drives;

gg.    (5) SD Cards;

hh.    (2) SIM Cards;

ii.    (2) Spindles w/ CD'S;

jj.    CD Wallet w/ Disks;

kk.    Amazon Kindle Fire Tablet; and

ll.    HTC Cell Phone, SN T54GSV01963,

seized from the defendant by the Department of Homeland Security, U.S. Immigration and Customs Enforcement, on October 18, 2016.

If the administrative forfeiture proceeding is not completed prior to sentencing, the defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal or civil judicial forfeiture action.

The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

9.    **Sex Offender Registration and Notification**

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.    Standard Terms and Conditions**

1.    **Restitution, Special Assessment and Fine**

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses

described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013 and if applicable, 18 U.S.C. § 3014(a)(3). The special assessments are due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. **<u>Supervised Release</u>**

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the

conditions of release, the defendant would be subject to a further term of imprisonment.

3. **Immigration Consequences of Pleading Guilty**

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. **Sentencing Information**

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. **Financial Disclosures**

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United

States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. **Sentencing Recommendations**

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. **Defendant's Waiver of Right to Appeal the Sentence**

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the

Defendant's Initials _____ 14

right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. **Middle District of Florida Agreement**

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    **Filing of Agreement**

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    **Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in

defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12. **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea

and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. **Certification**

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 25 day of September, 2017.

W. STEPHEN MULDROW
Acting United States Attorney

ANDREW RYAN LESLIE
Defendant

D. RODNEY BROWN
Assistant United States Attorney

MARK J. ROSENBLUM
Attorney for Defendant

LAUREN E. BRITSCH /AUSA for
Trial Attorney
United States Department of Justice
Criminal Division
Child Exploitation & Obscenity Section

KELLY S. KARASE
Assistant United States Attorney
Deputy Chief, Jacksonville Division

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:16-cr-154-J-39JBT

ANDREW RYAN LESLIE


**PERSONALIZATION OF ELEMENTS**

**As to Count One**

1.     Do you admit that an actual minor, that is, a real person who was less than 18 years old, was depicted?

2.     In or about October 14, 2016, in the Middle District of Florida, did you employ and use a Child 1, to engage in sexually explicit conduct, that is, genital to genital and oral to genital sexual intercourse, for the purpose of producing visual depictions of such conduct?

3.     Do you admit that you produced such visual depictions using materials that had been mailed, shipped, and transported in interstate and foreign commerce, that is, a Canon PC1737 Powershot A3400 IS digital camera being serial number 432061019849 that was manufactured in China, and a Toshiba 8GB HC Micro SD card bearing serial number 1403RP4801P that was manufactured in Taiwan?

## As to Count Two

1.　　Do you admit that an actual minor, that is, a real person who was less than 18 years old, was depicted?

2.　　On or about October 14, 2016, in the Middle District of Florida, did you employ and use Child 2, to engage in sexually explicit conduct, that is, the lascivious exhibition of the minor's genitals, for the purpose of producing visual depictions of such conduct?

3.　　Do you admit that you produced such visual depictions using materials that had been mailed, shipped, and transported in interstate and foreign commerce, that is, a Canon PC1737 Powershot A3400 IS digital camera being serial number 432061019849 that was manufactured in China, and a Toshiba 8GB HC Micro SD card bearing serial number 1403RP4801P that was manufactured in Taiwan?

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:16-cr-154-J-39JBT

ANDREW RYAN LESLIE


## FACTUAL BASIS

In 2015, agents with the U.S. Department of Homeland Security,

Homeland Security Investigations (HSI) began an investigation into certain

websites known to host images and videos depicting child pornography. This

investigation targeted individuals who were users of such websites where child

pornography was exchanged. In 2016, defendant, Andrew Ryan Leslie, was

identified as a member of one of these websites. Further investigation revealed

that Leslie resided in Middleburg, Florida.

On October 18, 2016, HSI agents and other law enforcement

Officers executed a federal search warrant at Leslie's residence in Middleburg,

Florida. Upon entry into the residence, agents observed as Leslie emerged from

the master bedroom. Leslie stated in substance that a minor female child,

referred to by Leslie as a "toddler," had been in the bed with Leslie when the

agents arrived.

Defendant's Initials _____

During the execution of the search warrant, HSI agents located, on a nightstand located next to Leslie's bed in the master bedroom, a Canon PC1737 Powershot A3400 IS digital camera bearing serial number 432061019849 that was manufactured in China. Contained within the camera was an SD adapter and a micro SD card. This micro SD card was a Toshiba 8GB HC Micro SD card bearing serial number 1403RP4801P that was manufactured in Taiwan. This camera and this SD card were each shipped and transported in or affecting interstate and foreign commerce.

During a forensic preview, agents discovered that the SD card contained a series of pornographic images depicting Leslie with two different minor female children. In several images, the same prepubescent minor female child (Child 1, who was approximately 2 years old at that time) who was in the bed with Leslie that morning was depicted. Other images depicted a different infant female child (Child 2, who was approximately 7 months old at that time). These images depicted, among other things, Child 1 being vaginally and orally penetrated by Leslie's penis. There were also images depicting the lascivious exhibition of Child 2's genitalia. In several images, Leslie is depicted gripping his own penis and contacting the genitalia of Child 1 with it. All the images on the Toshiba SD card (42 in total) were produced by Leslie on October 14, 2016 using the Canon Powershot digital camera.

HSI agents also seized numerous items of computer media from Leslie's residence, including several laptop computers, computer hard disk drives, tablets, cell phones, and cameras. Forensic analysis of these items revealed that Leslie had produced, received, distributed, and possessed numerous images and videos depicting child pornography. Moreover, logs of online conversations between Leslie and other individuals were recovered that demonstrate, among other things, that Leslie had discussed engaging in sexual activity with several minor children.

Leslie acknowledges that there exists a sufficient nexus for purposes of forfeiture between the items specified herein and the criminal conduct set forth above.