<pre>
 1                UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
 2                   JACKSONVILLE DIVISION

 3   UNITED STATES OF AMERICA,      Jacksonville, Florida

 4          Plaintiff,             Case No. 3:16-cr-154-J-39JBT

 5   -vs-                          Friday, October 6, 2017

 6   ANDREW RYAN LESLIE,           2:06 p.m.

 7          Defendant.             Courtroom 5A
     _____

 8

 9            DIGITALLY RECORDED CHANGE OF PLEA
             BEFORE THE HONORABLE JOEL B. TOOMEY
10              UNITED STATES MAGISTRATE JUDGE

11

12                  A P P E A R A N C E S

13   GOVERNMENT COUNSEL:

14        Rodney Brown, Esquire
          U.S. Attorney's Office
15        300 North Hogan Street, Suite 700
          Jacksonville, FL  32202

16

17   DEFENSE COUNSEL:

18        Mark Rosenblum, Esquire
          Federal Defender's Office
19        200 West Forsyth Street, Suite 1240
          Jacksonville, FL  32202

20

21   OFFICIAL COURT REPORTER:

22        Shelli Kozachenko, RPR, CRR, CRC
          221 North Hogan Street, #185
23        Jacksonville, FL  32202
          Telephone:  (904) 301-6842

24

25            (Proceedings recorded by electronic sound recording;
                      transcript produced by computer.)
</pre>

1          <u>P R O C E E D I N G S</u>

2    Friday, October 6, 2017                          2:06 p.m.

3                              - - -

4          COURT SECURITY OFFICER:  All rise.  United States

5    District Court in and for the Middle District of Florida is now

6    in session, the Honorable Joel B. Toomey presiding.

7          Please be seated.

8          THE COURT:  This is the case of the United States

9    versus Andrew Ryan Leslie, Case No. 3:16-cr-154.

10         And the defendant's present, along with his attorney,

11   Mr. Rosenblum, and Mr. Brown's here for the government.

12         And I've been provided with a written plea agreement.

13   Is it the defendant's intention to enter a plea pursuant to

14   this agreement?

15         MR. ROSENBLUM:  Yes, Your Honor.

16         THE COURT:  All right.  Mr. Leslie, if you can come

17   up here to the podium with your attorney.

18         Madam Clerk, if you could swear in the defendant.

19         COURTROOM DEPUTY:  Do you solemnly swear that the

20   answers you will give during these proceedings will be the

21   truth, the whole truth, and nothing but the truth?

22         THE DEFENDANT:  Yes, ma'am.

23         COURTROOM DEPUTY:  And please state your name for the

24   record.

25         THE DEFENDANT:  Andrew Ryan Leslie.

1        THE COURT:  And you've just taken an oath to tell the

2   truth.  If you do not tell the truth or if you omit or leave

3   anything important out, your testimony could form the basis of

4   a prosecution for perjury or making a false statement, which

5   are felonies.

6        In addition, your testimony can be used against you

7   in any proceedings if you challenge the taking of the plea, the

8   judgment, the conviction, or the sentence.

9        So do you understand what I've explained and the

10  importance of having been placed under oath?

11       THE DEFENDANT:  Yes, sir.

12       THE COURT:  And are you a United States citizen?

13       THE DEFENDANT:  Yes, sir.

14       THE COURT:  It is your right to plead guilty to these

15  charges.  However, before the Court may accept a plea of

16  guilty, it's necessary that the Court find that your plea is

17  made freely and voluntarily and that there's a factual basis

18  for your plea.  It's therefore necessary for me to ask

19  questions about the offenses to which you plead.

20       If you don't understand the questions or the words

21  that I use, feel free to ask that they be explained.

22       You may consult with your lawyer about any matter

23  during the questioning.  If necessary, I will recess the

24  proceedings and allow you as much time as you need to meet

25  privately with your lawyer.

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Do you understand that?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  And has the government complied with the

5    Crime Victims' Rights Statute?

6          MR. BROWN:  Yes, Your Honor.

7          THE COURT:  Now, I'm a magistrate judge, and your

8    case is also assigned to a district judge.

9          You have the right to have your guilty plea taken by

10   a district judge, or you could consent to have it taken by a

11   magistrate judge, such as myself.

12         Even if you consent to have your guilty plea taken by

13   me, the magistrate judge, the district judge will still decide

14   whether to accept your plea, and if it is accepted, the

15   district judge will be the one who imposes sentence.

16         So if you consent to having me, the magistrate judge,

17   take your plea, you're also waiving or giving up your right to

18   have the district judge take your plea.

19         So do you understand your right to have the district

20   judge take your plea?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  And do you want to waive that right and

23   allow me, the magistrate judge, to take your plea?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  Did you sign a consent form allowing me

1    to do that?

2              THE DEFENDANT:  I did, sir.

3              THE COURT:  And, Mr. Rosenblum, did you sign it as

4    well and explain it to your client?

5              MR. ROSENBLUM:  Yes, Your Honor.

6              THE COURT:  And has anybody threatened you in any way

7    or promised you anything in order to get you to waive this

8    right?

9              THE DEFENDANT:  No, sir.

10             THE COURT:  Is it your own independent decision to

11   waive this right?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  I find the defendant has made a willing

14   and voluntary waiver of his right to have the district judge

15   take his plea and freely and voluntarily consented to allowing

16   me, the magistrate judge, to take his plea.

17             Now I need to ask you some background questions

18   again.

19             What was your full name?

20             THE DEFENDANT:  Andrew Ryan Leslie.

21             THE COURT:  And what's your date of birth?

22             THE DEFENDANT:  January 16th, 1995.

23             THE COURT:  And how far did you go in school?

24             THE DEFENDANT:  I graduated high school.

25             THE COURT:  And so can you read, write, and

1  understand English?

2         THE DEFENDANT:  Yes, sir.

3         THE COURT:  And are you currently under the influence

4  of any drugs, alcohol, or other intoxicants?

5         THE DEFENDANT:  No, sir.

6         THE COURT:  Are you currently under the influence of

7  any medications?

8         THE DEFENDANT:  Yes, sir.

9         THE COURT:  What medications have you taken?

10        THE DEFENDANT:  Lexapro and Zyprexa.

11        THE COURT:  And what are -- are those prescribed

12 medications?

13        THE DEFENDANT:  Yes, sir.

14        THE COURT:  And what are they prescribed for?

15        THE DEFENDANT:  Lexapro's an antidepressant and

16 Zyprexa is an antipsychotic and mood stabilizer.

17        THE COURT:  It's a what, now?

18        THE DEFENDANT:  Antipsychotic and mood stabilizer.

19        THE COURT:  And have you had those within the last 48

20 hours?

21        THE DEFENDANT:  Yes, sir.

22        THE COURT:  Did you take them in the prescribed

23 dosages?

24        THE DEFENDANT:  Yes, sir.

25        THE COURT:  And do those medications have any

1 negative impact on your ability to understand these
2 proceedings?
3             THE DEFENDANT:  No, sir.
4             THE COURT:  And so you are currently receiving either
5 medical or mental health care?
6             THE DEFENDANT:  Yes, sir.
7             THE COURT:  And what are you receiving care for?
8             THE DEFENDANT:  Depression and overwhelming thoughts.
9             THE COURT:  All right.  What was the second one?
10             THE DEFENDANT:  Overwhelming thoughts.
11             THE COURT:  Overwhelming thoughts.
12             And what type of doctor is treating you?
13             THE DEFENDANT:  A psychiatrist.
14             THE COURT:  Are you being treated for anything else?
15             THE DEFENDANT:  No, sir.
16             THE COURT:  All right.
17             THE DEFENDANT:  I take that back, Your Honor.  I'm
18 being treated for back pain, but that's not mental illness.
19             THE COURT:  Okay.  Are you taking any medications for
20 the back pain?
21             THE DEFENDANT:  Ibuprofen.
22             THE COURT:  And have you taken that in the last 48
23 hours?
24             THE DEFENDANT:  Yes, sir.
25             THE COURT:  Is that prescribed also?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  And did you take that in the prescribed

3     dosage?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  And does that have any impact on your

6     ability to understand these proceedings?

7          THE DEFENDANT:  No, sir.

8          THE COURT:  Other than what you mentioned, have you

9     ever been treated for or suffered from any mental or emotional

10    illness?

11         THE DEFENDANT:  Well, at 16 I was diagnosed with

12    depression also.

13         THE COURT:  Okay.  And how long were you treated for

14    that?

15         THE DEFENDANT:  For a year.

16         THE COURT:  And any other mental health treatment?

17         THE DEFENDANT:  No, sir.

18         THE COURT:  And right now do you clearly understand

19    where you are, what you're doing, and the importance of this

20    proceeding?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  And, Mr. Rosenblum, do you have any

23    concern regarding the defendant's competency to enter a plea at

24    this time?

25         MR. ROSENBLUM:  No, Your Honor.

1    THE COURT:  Any other questions you'd like me to ask?

2    MR. BROWN:  No, Your Honor.

3    THE COURT:  All right.  You can have a seat back at

4    the table.

5        Now, you have a right to plead not guilty, as you've

6    previously done, and to persist in that plea.  If you maintain

7    your plea of not guilty, you have the following rights under

8    the Constitution and laws of the United States:

9        You have the right to a speedy and public trial and

10   to be tried by a jury of 12 persons, or by the judge if you

11   waive a jury trial.  If you're tried by a jury, all 12 of the

12   jurors must unanimously agree on your guilt before you can be

13   convicted.

14       You're presumed innocent.  Before you can be found

15   guilty, the burden of proof is on the government to prove your

16   guilt by competent and sufficient evidence beyond a reasonable

17   doubt.  You do not have to prove that you're innocent.

18       You have the right to have the assistance of an

19   attorney at the trial and at every stage of these criminal

20   proceedings.

21       At your trial witnesses for the government have to

22   come into court and testify in your presence.  You have the

23   right to confront these witnesses against you, meaning to see,

24   hear, question, and cross-examine the witnesses.

25       Your attorney can object to evidence offered by the

government and offer evidence on your behalf.

At trial you may present witnesses in your own defense, and if they will not appear voluntarily, I can issue orders to make them come to the trial.

You need not make any statement about the charges, and you may not be compelled to incriminate yourself or testify at trial.  On the other hand, if you wish to testify at your trial, you could do so.  The choice is entirely up to you.

Now, if you plead guilty, there will be no further trial of any kind, and on your plea the Court will find you guilty and convict you.

A plea of guilty admits the truth of the charges, but a plea of not guilty denies the charges.

Has this been explained to you by your lawyer?

THE DEFENDANT:  Yes, sir.

THE COURT:  If you choose to plead guilty, you must give up the right not to incriminate yourself because I have to ask you questions about the crimes to which you plead guilty to satisfy myself that there's a factual basis for your plea.

By pleading guilty, you also waive and give up your right to trial, to confrontation and cross-examination of government witnesses, and to compulsory process for attendance of defense witnesses at trial.

So there will be no trial.  The next step would be sentencing.

1    Now, you may have defenses to the charges, but if you

2  plead guilty, you waive and give up your right to assert any

3  possible defenses.

4    Has your lawyer discussed with you any defenses that

5  may be available to you?

6    THE DEFENDANT:  Yes, sir.

7    THE COURT:  By pleading guilty you also waive and

8  give up your right to challenge the way the government obtained

9  any evidence, statement, or confession.

10    In addition, by pleading guilty you may lose the

11  right to challenge on appeal any rulings which the Court has

12  made in your case.

13    By pleading guilty to these felonies, you may lose

14  certain civil rights, such as your right to vote, to hold

15  public office, to serve on juries, and to own and possess

16  firearms and ammunition.

17    A felony conviction may also prevent you from

18  obtaining or keeping certain occupational licenses.

19    So do you fully understand all the rights that you

20  have and the rights that you waive and give up by pleading

21  guilty?

22    THE DEFENDANT:  I do, Your Honor.

23    THE COURT:  The federal sentencing guidelines apply

24  to your case.

25    Have you discussed the sentencing guidelines with

1  your attorney?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  I won't go into too much detail about the

4  guidelines since you've discussed them with your lawyer, but I

5  do have to make sure you understand certain things about how

6  the sentencing process works.

7          The Court will not be able to determine your

8  guideline sentence until after the presentence report has been

9  completed by the probation office.

10          After it's been determined what guidelines apply to

11  your case, the district judge still has the authority to impose

12  a sentence that is either more severe or less severe than the

13  sentence called for by the guidelines.  So the guidelines are

14  only advisory.  The district judge can impose any sentence up

15  to the maximum permitted by law.

16          In determining a sentence, the district judge is

17  obligated to calculate the guideline range and to consider that

18  range and also consider possible departures under the

19  guidelines and other sentencing factors that are listed in a

20  statute, 18, U.S. Code, Section 3553(a).

21          Also, under some circumstances the government may

22  have the right to appeal any sentence that the district judge

23  imposes and ask a higher court to impose a more severe

24  sentence.

25          Parole's been abolished, and if you're sentenced to

1   prison, you'll not be released on parole.

2           So as we sit here today, nobody can tell you what

3   your sentence is going to be.  The sentence imposed could be

4   different than any estimated sentence your attorney or anyone

5   else has given you.

6           It could be more severe than you expect, but even if

7   that happens, you'll still be bound by your guilty plea and

8   will not have the right to withdraw it.

9           Do you understand that?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  And do you understand all the things I've

12  just explained about sentencing?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  And did you receive a copy of the

15  indictment in your case?

16          THE DEFENDANT:  I did, sir.

17          THE COURT:  And have the charges been read and

18  explained to you by your attorney?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  And the charges against you in both

21  Counts One and Two charge you with production of child

22  pornography, in violation of 18, U.S. Code, Sections 2251(a)

23  and 2251(e).

24          Do you fully understand the charges contained in the

25  indictment?

1     THE DEFENDANT:  Yes, sir.

2     THE COURT:  Do you have any questions about the

3  charges?

4     THE DEFENDANT:  No, sir.

5     THE COURT:  Now, the necessary elements the

6  government must prove beyond a reasonable doubt in order for

7  you to be convicted on these charges are as follows, and

8  they're listed on page 3 of your plea agreement:

9     First, that an actual minor, that is, a real person

10  who is less than 18 years old, was depicted;

11     Second, that you employed, used, persuaded, induced,

12  enticed, or coerced a minor to engage in sexually explicit

13  conduct for the purpose of producing visual depictions of the

14  conduct; and

15     Third, that such visual depictions were produced

16  using materials that had been mailed, shipped, or transported

17  in interstate or foreign commerce.

18     So do you understand the elements of the charge which

19  the government would have to prove beyond a reasonable doubt

20  for you to be convicted?

21     THE DEFENDANT:  Yes, sir.

22     THE COURT:  Do you have any questions --

23     THE DEFENDANT:  No, sir.

24     THE COURT:  -- about the elements?

25     Now, this crime is punishable by the following

1  minimum and maximum penalties, which are listed on pages 1

2  through 3 of your plea agreement:

3        They're each -- each count's punishable by a

4  mandatory minimum term of imprisonment of not less than 15

5  years and not more than 30 years, a fine of $250,000, or both

6  the imprisonment and the fine, a term of supervised release

7  after prison of not less than five years up to life, a special

8  assessment of a hundred dollars, and $5,000 on any nonindigent

9  defendant.

10       And then if the Court sentences you on each count

11  consecutively, you're looking at a total cumulative sentence of

12  a minimum mandatory term of imprisonment of not less than 30

13  years and not more than 60 years, fines totaling $500,000, or

14  both the imprisonment and the fine, a term of supervised

15  release after prison of not less than five years up to life,

16  special assessments of either $200 or $10,000.

17       And then, once you're on supervised release, if

18  you're required to register under the Sex Offender Registration

19  and Notification Act, which you will be, and then you commit

20  any criminal felony offense under 18, U.S. Code, Chapters 109A,

21  110, or 117, or Sections 1201 or 1591, then the Court shall

22  revoke your term of supervised release and sentence you to a

23  term of imprisonment of not less than five years and up to life

24  per count.

25       If you violate your supervised release in any other

1  way, it's punishable by a term of imprisonment of up to three

2  years, and you can get an additional term of supervised

3  release.

4           And then the Court will also order you to make

5  restitution to any victims of the offenses and provide notice

6  of the conviction to victims of the offense.

7           The Court also may require you to forfeit certain

8  property to the government.

9           Have I accurately stated the minimum and maximum

10 penalties?

11          MR. BROWN:  Yes, Your Honor.

12          THE COURT:  Mr. Rosenblum, do you agree?

13          MR. ROSENBLUM:  Yes, Your Honor.

14          THE COURT:  So do you understand the minimum and

15 maximum penalties you face for each count?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  Do you understand the total cumulative

18 minimum and maximum penalties you face for both counts?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  And do you understand that these maximum

21 penalties are a possible consequence of your guilty plea?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  And do you have any questions about

24 anything I've explained thus far?

25          THE DEFENDANT:  No, sir.

1        THE COURT:  Have you fully discussed all these

2   matters with your lawyer?

3        THE DEFENDANT:  Yes, Your Honor.

4        THE COURT:  And do you understand that there have

5   been discussions between the attorney for the government and

6   your attorney which have resulted in a written plea agreement?

7        THE DEFENDANT:  Yes, sir.

8        THE COURT:  Give that to Mr. Rosenblum.

9        MR. ROSENBLUM:  Mr. Leslie, I'm showing you a

10  document that is titled Plea Agreement, and there are initials

11  on each page of this plea agreement, and on page 18 there is a

12  signature that purports to be your signature.

13        So two questions:  First of all, is that your

14  signature on page 18?

15        THE DEFENDANT:  Yes, sir.

16        MR. ROSENBLUM:  And is that your initials on every

17  page of this plea agreement?

18        THE DEFENDANT:  Yes, sir.

19        MR. ROSENBLUM:  And did you and I review this plea

20  agreement together?

21        THE DEFENDANT:  Yes, we did.

22        MR. ROSENBLUM:  And did you indicate to me at the

23  time that you understood it?

24        THE DEFENDANT:  Yes.

25        MR. ROSENBLUM:  And that you wanted to enter into it?

1    THE DEFENDANT:  Yes, sir.

2    MR. ROSENBLUM:  And are you indicating that today?

3    THE DEFENDANT:  Yes, sir.

4    THE COURT:  Mr. Rosenblum?

5    MR. ROSENBLUM:  Your Honor, I can tell you that's my

6    signature on the plea agreement.

7    MR. BROWN:  Your Honor, I have the original plea

8    agreement that was negotiated between the parties through

9    counsel in this case, and on page 18 of the plea agreement, I

10   recognize the signatures on the right-hand side of the page.  I

11   also recognize Mr. Rosenblum's signature, having worked with

12   him for years.

13        But the two on the right-hand side of the page, one

14   belongs to me.  I've signed on behalf of the United States

15   because I'm the prosecutor on this case, but also I've signed

16   for my co-counsel, Lauren Britsch, and with her authority to do

17   so.

18        Lastly, the signature that appears on the page at the

19   bottom is that of Kelly Karase, and she's our deputy chief and

20   is authorized to enter into plea agreements on behalf of the

21   United States.

22        Additionally, on the first page of the plea

23   agreement, Your Honor, I recognize the initials of Bonnie

24   Glober in the lower right-hand portion of the page in a section

25   called -- that's referred to as AF approval.  That stands for

1  asset forfeiture.

2        Assistant United States Attorney Bonnie Glober is our

3  asset forfeiture specialist and has also approved this plea

4  agreement.

5        THE COURT:  Mr. Leslie, did you read the entire plea

6  agreement before signing it?

7        THE DEFENDANT:  I did, Your Honor.

8        THE COURT:  And did you understand your entire plea

9  agreement?

10        THE DEFENDANT:  Yes, sir.

11        THE COURT:  Do you have any questions about it?

12        THE DEFENDANT:  No, sir.

13        THE COURT:  Even though you don't have any questions,

14  I'm still going to go over some of the provisions of the plea

15  agreement, but I'm not going to go over all of them.  But, of

16  course, you are bound by the entire plea agreement.

17        You understand that?

18        THE DEFENDANT:  Yes, sir.

19        THE COURT:  Now, your plea agreement contains a

20  provision, on page 3, in which the government is agreeing not

21  to charge you with any other federal criminal offenses known to

22  them that relate to the conduct giving rise to the plea

23  agreement.

24        The district judge can only accept a plea agreement

25  that involves an agreement not to pursue other charges if the

district judge finds that the remaining charges that you plead

guilty to adequately reflect the seriousness of your actual

offense behavior and that accepting the agreement will not

undermine the statutory purpose of sentencing.

You understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Also, in this plea agreement --

restitution is normally limited to the conduct in the counts to

which you plead guilty.  Here, you've waived this limitation

and agreed to make restitution to any of your minor victims.

You've also agreed not to oppose a bifurcation of the

sentencing hearing if the victims' losses are not ascertainable

prior to sentencing.

Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Also, your plea agreement contains some

recommendations that the government's agreeing to make about

your sentence, in the event no adverse information is received.

As your plea agreement states, the government's

recommendations are not binding on the district judge.  If the

judge does not accept the government's sentencing

recommendations in your plea agreement, you'll still be bound

by your guilty plea and will not have a right to withdraw it.

You understand that?

THE DEFENDANT:  Yes, sir.

1          THE COURT:  And in your plea agreement, you're

2     agreeing to cooperate with the government.  In exchange, the

3     government's merely agreeing to consider whether any

4     cooperation you provide qualifies as substantial assistance

5     such that they may file some type of motion or make some type

6     of recommendation about your sentence.

7          But you've agreed that that determination is solely

8     in their discretion, and you're not going to challenge it in

9     any way.

10         Do you --

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  -- understand that?

13         Do you understand that?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  You've agreed to forfeit the assets that

16    are listed in the plea agreement.

17         Do you understand that?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  And you've agreed and acknowledged that

20    you'll -- that you'll have to comply with the Sex Offender

21    Registration and Notification Act.

22         Do you --

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  -- understand that?

25         Also, in paragraph B.7, which starts on page 14,

1   you've agreed to waive your right to appeal your sentence,

2   except in the circumstances that are listed.

3          Normally you'd have a right to appeal your sentence

4   on any ground that you think's appropriate, including an

5   incorrect application of the sentencing guidelines.  Under this

6   plea agreement, however, you're waiving and giving up your

7   right to appeal your sentence except in the specific

8   circumstances that are listed.

9          So you could still appeal your sentence on the

10  following grounds:  First, on the ground that your sentence

11  exceeds your applicable guideline range, as that range is

12  determined by the Court; or second, that your sentence exceeds

13  the statutory maximum penalty; or third, that it violates the

14  Eighth Amendment to the Constitution; or fourth, if the

15  government appeals your sentence, then you can appeal it also.

16         But other than in those circumstances, you're waiving

17  your right to appeal your sentence.

18         So do you understand what you're waiving and giving

19  up in this portion of the plea agreement?

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  Did you make this waiver freely and

22  voluntarily?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  Are there any other provisions of the

25  plea agreement you'd like me to discuss?

1          MR. BROWN:  No, Your Honor.

2          THE COURT:  Mr. Rosenblum?

3          MR. ROSENBLUM:  No, Your Honor.

4          THE COURT:  Mr. Leslie, are there any other

5 provisions of the plea agreement you'd like me to discuss with

6 you?

7          THE DEFENDANT:  No, sir.

8          THE COURT:  And do you understand all the provisions

9 of the plea agreement?

10         THE DEFENDANT:  Yes, sir.

11         THE COURT:  Are you willing to be bound by the

12 provisions of the plea agreement?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  Have any promises or assurances been made

15 to you by anyone that are not reflected in the plea agreement?

16         THE DEFENDANT:  No, Your Honor.

17         THE COURT:  And do you fully understand all the other

18 matters we've covered up to this point in the hearing?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  And how do you plead, guilty or not

21 guilty, to Counts One and Two of the indictment?

22         THE DEFENDANT:  Guilty, Your Honor.

23         THE COURT:  Are you pleading guilty because you are

24 guilty?

25         THE DEFENDANT:  Yes, sir.

1         THE COURT:  Do you now admit that you committed the

2  acts set forth in those charges?

3     (No audible response.)

4         THE COURT:  Do you now admit that you committed the

5  acts set forth in those charges?

6         THE DEFENDANT:  Yes, Your Honor.

7         THE COURT:  Do you understand that a plea of guilty

8  admits the truth of the charges against you?

9         THE DEFENDANT:  Yes, Your Honor.

10        THE COURT:  Is your plea entered with an

11  understanding of what you're doing here today?

12        THE DEFENDANT:  Yes, sir.

13        THE COURT:  Now we'll hear from the prosecutor a

14  proffer of facts that the government must prove beyond a

15  reasonable doubt in order for there to be a conviction in your

16  case.

17        Please listen carefully because I will ask if you

18  agree with what the prosecutor says.  It's also important

19  because this information will be used by the probation office

20  in preparing your presentence investigation report.

21        Mr. Brown?

22        MR. BROWN:  If this case were to proceed to trial,

23  the United States would, through testimony and evidence, prove

24  the following facts beyond a reasonable doubt:

25        In 2015, agents with the United States Department of

1   Homeland Security, Homeland Security Investigations, or HSI,

2   began an investigation into certain websites known to host

3   images and videos depicting child pornography.  This

4   investigation targeted individuals who were users of such

5   websites where child pornography was exchanged.

6          In 2016, Defendant Andrew Ryan Leslie was identified

7   as a member of one of those websites.  Further investigation

8   revealed that Leslie resided in Middleburg, Florida.

9          On October 18, 2016, HSI agents and other law

10  enforcement officers executed a federal search warrant at

11  Leslie's residence in Middleburg, Florida.  Upon entry into the

12  residence, agents observed Leslie as Leslie emerged from the

13  master bedroom.  Leslie stated in substance that a minor female

14  child, referred to by Leslie as a toddler, had been in bed with

15  Leslie when the agents arrived.

16         During the execution of the search warrant, HSI

17  agents located, on a nightstand located next to Leslie's bed in

18  the master bedroom, a Canon PC1737 Powershot A3400 IS digital

19  camera bearing serial No. 432061019849 that was manufactured in

20  China.

21         Contained within the camera was an SD adapter and a

22  micro SD card.  This micro SD card was a Toshiba 8GB HC Micro

23  SD card bearing serial No. 1403RP4801P that was manufactured in

24  Taiwan.  This camera and this SD card each were shipped and

25  transported in or affecting interstate and foreign commerce.

1    During a forensic preview, agents discovered that the

2  SD card contained a series of pornographic images depicting

3  Leslie with two different minor female children.  In several

4  images, the same prepubescent minor child, or Child 1, who was

5  approximately two years old at the time, was in a bed -- was in

6  the bed with Leslie that morning was depicted.  Other images

7  depicted a different infant female child, Child 2, who was

8  approximately seven months old at the time.

9    These images depicted, among other things, Child 1

10  being vaginally and orally penetrated by Leslie's penis.  There

11  were also images depicting the lascivious exhibition of child

12  2's genitalia.

13    In several images Leslie's depicted gripping his own

14  penis and contacting the genitalia of Child 1 with it.  All the

15  images on the Toshiba SD card, 42 in total, were produced by

16  Leslie on October 14, 2016, using the Canon Powershot digital

17  camera.

18    HSI agents also seized numerous items of computer

19  media from Leslie's residence, including several laptop

20  computers, computer hard disk drives, tablets, cell phones, and

21  cameras.

22    Forensic analysis of these items revealed that Leslie

23  had produced, received, distributed, and -- produced, received,

24  distributed, and possessed numerous images and videos depicting

25  child pornography.

1    Moreover, logs of online conversations between Leslie

2  and other individuals were recovered that demonstrate, among

3  other things, that Leslie had discussed engaging in sexual

4  activity with several minor -- minor children.

5    Leslie acknowledges that there exists a sufficient

6  nexus for purposes of forfeiture between the items specified

7  herein and the criminal conduct set forth above.

8    THE COURT:  And is that what you did?

9    THE DEFENDANT:  Yes, Your Honor.

10    THE COURT:  Do you admit the truth of the factual

11  basis and that all of the elements thereof are true and correct

12  as they pertain to you?

13    THE DEFENDANT:  Yes, Your Honor.

14    THE COURT:  I'm going to ask you the personalization

15  of elements from your plea agreement.

16    Do you admit that an actual -- this is as to Count

17  One.  Do you admit that an actual minor, that is, a real person

18  who was less than 18 years old, was depicted?

19    THE DEFENDANT:  Yes, Your Honor.

20    THE COURT:  In or about October 14th, 2016, in the

21  Middle District of Florida, did you employ and use a Child 1 to

22  engage in sexually explicit conduct, that is, genital to

23  genital and oral to genital sexual intercourse, for the purpose

24  of producing visual depictions of such conduct?

25    THE DEFENDANT:  Yes, Your Honor.

1      THE COURT:  Do you admit that you produced such

2  visual depictions using materials that had been mailed,

3  shipped, and transported in interstate and foreign commerce,

4  that is, a Canon PC1737 Powershot A3400 IS digital camera

5  bearing serial No. 432061019849 that was manufactured in China

6  and a Toshiba 8GB HC Micro SD card bearing serial No.

7  1403RP4801P that was manufactured in Taiwan?

8      THE DEFENDANT:  Yes, Your Honor.

9      THE COURT:  As to Count Two do you admit that an

10  actual minor, that is, a real person who was less than 18 years

11  old, was depicted?

12      THE DEFENDANT:  Yes, Your Honor.

13      THE COURT:  On or about October 14th, 2016, in the

14  Middle District of Florida, did you employ and use Child 2 to

15  engage in sexually explicit conduct, that is, the lascivious

16  exhibition of the minor's genitals, for the purpose of

17  producing visual depictions of such conduct?

18      THE DEFENDANT:  Yes, Your Honor.

19      THE COURT:  Do you admit that you produced such

20  visual depictions using materials that had been mailed,

21  shipped, and transported in interstate and foreign commerce,

22  that is, a Canon PC1737 Powershot A3400 IS digital camera

23  bearing serial No. 432061019849 that was manufactured in China,

24  and a Toshiba 8GB HC Micro SD card bearing serial No.

25  1403RP4801P that was manufactured in Taiwan?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  I find a factual basis for the plea.

3          Is your plea free and voluntary?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  Is your plea of guilty your own

6    independent decision?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  Has anyone threatened you, forced you,

9    coerced you, or intimidated you in any way regarding your

10   decision to plead guilty?

11         THE DEFENDANT:  No, Your Honor.

12         THE COURT:  Has anyone made any promises or

13   assurances to you of any kind to induce you to plead guilty,

14   other than those stated in your plea agreement?

15         THE DEFENDANT:  No, Your Honor.

16         THE COURT:  Are you relying on any other agreement or

17   promise about what sentence will be imposed if you plead

18   guilty, other than what's stated in your plea agreement?

19         THE DEFENDANT:  No, Your Honor.

20         THE COURT:  At this time do you know what sentence

21   you will receive?

22         THE DEFENDANT:  No, Your Honor.

23         THE COURT:  And has anyone promised that you will

24   receive a light sentence or be otherwise rewarded by pleading

25   guilty, other than what's stated in your plea agreement?

1          THE DEFENDANT:  No, Your Honor.

2          THE COURT:  Let me ask each attorney, do you assure

3     the Court that as far as you know, no assurances, promises, or

4     understandings have been given the defendant as to a

5     disposition of his case which are different or contrary to

6     what's in the plea agreement?

7          MR. BROWN:  I can assure the Court of that, Your

8     Honor.

9          MR. ROSENBLUM:  Yes, Your Honor.

10         THE COURT:  You've been represented by Mr. Rosenblum.

11         Have you discussed your case fully and explained

12    everything you know about it to him?

13         THE DEFENDANT:  Yes, Your Honor.

14         THE COURT:  Have you had enough time to talk with

15    your lawyer, or anyone else you care to, about your case?

16         THE DEFENDANT:  Yes, Your Honor.

17         THE COURT:  Are you satisfied with your lawyer and

18    the way he's represented you in this case?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  Do you have any complaints about the way

21    he's represented you?

22         THE DEFENDANT:  No, Your Honor.

23         THE COURT:  Do you have any complaints about the way

24    you've been treated by the Court or anyone else which is

25    causing you to plead guilty?

1    THE DEFENDANT:  No, Your Honor.

2    THE COURT:  Has anyone coached you or suggested that

3    you answer untruthfully any of the questions asked of you by

4    the Court today?

5    THE DEFENDANT:  No, Your Honor.

6    THE COURT:  Have you told the truth today?

7    THE DEFENDANT:  Yes, Your Honor.

8    THE COURT:  And do you fully understand all the

9    rights and procedures that you waive and give up by pleading

10   guilty?

11   THE DEFENDANT:  Yes, Your Honor.

12   THE COURT:  And having heard everything I've said, is

13   it your final desire to plead guilty to Counts One and Two of

14   the indictment, pursuant to the terms of your plea agreement?

15   THE DEFENDANT:  Yes, Your Honor.

16   THE COURT:  And now is your last chance to speak up

17   or ask questions before I recommend to the district judge that

18   he accept your plea.

19   Do you have any questions or anything you want to say

20   at this point?

21   THE DEFENDANT:  No, Your Honor.

22   THE COURT:  Is the government satisfied with the

23   colloquy?

24   MR. BROWN:  Yes, Your Honor.

25   THE COURT:  Is the defense satisfied?

1     MR. ROSENBLUM:  Yes, Your Honor.

2     THE COURT:  Mr. Rosenblum, are you satisfied that

3 your client knows what he's charged with, that you've had

4 sufficient time to counsel with him, and that he is pleading

5 guilty freely and voluntarily, with full knowledge of the

6 consequences of his plea?

7     MR. ROSENBLUM:  Yes, Your Honor.

8     THE COURT:  Mr. Leslie, I'm going to make certain

9 findings that pertain to you and then ask if you agree with

10 them.

11     I find that you are now alert and intelligent, that

12 you understand the nature of the charges against you and the

13 possible penalties, and you appreciate the consequences of

14 pleading guilty.

15     I also find the facts which the government is

16 prepared to prove and which by your plea of guilty you admit

17 state all the essential elements of the crimes to which you

18 have pleaded guilty.

19     I further find that your decision to plead guilty is

20 freely, voluntarily, knowingly, and intelligently made and that

21 you've had the advice and counsel of a competent lawyer, with

22 whom you say you are satisfied.

23     Do you agree with these findings?

24     THE DEFENDANT:  Yes, Your Honor.

25     THE COURT:  I will make a written report to the

1    district judge recommending that he accept your guilty plea.

2         Each side has 14 days to object to that

3    recommendation, or that time period can be waived.

4         MR. BROWN:  United States will waive.

5         MR. ROSENBLUM:  Your Honor, in this case we're not

6    going to waive it.

7         THE COURT:  A presentence report will be prepared by

8    the probation office to assist the district judge in sentencing

9    you.  You'll be required to furnish information for this

10   report.

11        Your attorney will represent you in the preparation

12   of this report and at sentencing.  You and your attorney will

13   be given an opportunity to speak on your behalf at the

14   sentencing hearing.

15        You and your attorney will be permitted to read the

16   presentence report before the sentencing hearing and to make

17   objections to it, if you have objections.

18        Anything further to take up?

19        MR. BROWN:  No, Your Honor.

20        MR. ROSENBLUM:  No, Your Honor.  Thank you.

21        THE COURT:  Okay.  Court will be in recess.

22        COURT SECURITY OFFICER:  All rise.

23     (The proceedings were concluded at 2:41 p.m.)

24                 -  -  -

25

1          CERTIFICATE OF OFFICIAL COURT REPORTER

2

3

4  UNITED STATES DISTRICT COURT )

5  MIDDLE DISTRICT OF FLORIDA   )

6

7          I, court approved transcriber, certify that the

8  foregoing is a correct transcript from the official electronic

9  sound recording of the proceedings in the above-entitled

10 matter.

11

12         DATED this 1st day of May, 2018.

13

14                        s/Shelli Kozachenko_____
                          Shelli Kozachenko, RPR, CRR, CRC
15                        Official Court Reporter

16

17

18

19

20

21

22

23

24

25